UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

FELIPE SOTO-GARCIA,
        *Defendant-Appellant.*

No. 01-4000

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-209-1)

Submitted: June 21, 2001

Decided: July 3, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Felipe Soto-Garcia appeals from his eighty-four-month sentence imposed following his guilty plea to the offense of unlawful reentry into the United States by a deported alien felon. 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). Soto-Garcia's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the possibility that the sentence was improper. Soto-Garcia was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm Soto-Garcia's conviction and sentence.

We find that Soto-Garcia's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Soto-Garcia was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly computed Soto-Garcia's offense level and criminal history category and correctly determined the applicable guideline range of seventy-seven to ninety-six months. The court's imposition of a sentence within the properly calculated range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994).

Soto-Garcia challenges the court's failure to depart based on his responsibilities to his wife and minor children. Because there is no indication on the record that the court misunderstood its authority to depart, we do not review the failure to depart. *See United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Soto-Garcia's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*